FILED
CLERK, U.S. DISTRICT COURT

02/27/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ DVE _____ DEPUTY

E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
MELISSA S. RABBANI (Cal. Bar No. 283993)
Assistant United States Attorney
     U.S. ATTORNEY'S OFFICE
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone:     (714) 338-3500
     Facsimile:     (714) 338-3561
     E-mail:        melissa.rabbani@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | No. 8:23-cr-00027-DOC |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT RICHARD O'CONNOR |
| v. | |
| RICHARD O'CONNOR, | |
| Defendant. | |

1.   This constitutes the plea agreement between defendant Richard O'Connor ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the investigation of defendant's possession of child pornography on or about October 28, 2022, on his Apple iCloud account.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.   Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

h.   Agree to and not oppose the imposition of the following conditions of probation or supervised release:

i.   Defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant

resides, where defendant is an employee, and where defendant is a student, to the extent the registration procedures have been established in each jurisdiction.  When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within three days of defendant's placement on probation/release from imprisonment.

ii.  Defendant shall participate in a psychological counseling and/or psychiatric treatment and/or a sex offender treatment program, which may include inpatient treatment upon order of the Court, as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing, but the defendant retains the right to invoke the Fifth Amendment.  The Probation Officer shall disclose the presentence report and/or any previous mental health evaluations or reports to the treatment provider.

iii. As directed by the Probation Officer, and subject to defendant's ability to pay as determined by the Probation Officer, defendant shall pay all or part of the costs of treating defendant's psychological/psychiatric disorder(s) to the aftercare contractor during the period of community supervision, pursuant to 18 U.S.C. § 3672.  Defendant shall provide payment and proof of payment as directed by the Probation Officer.

iv.  Defendant shall not view or possess any materials, including pictures, photographs, books, writings,

1  drawings, videos, or video games, depicting and/or describing child

2  pornography, as defined in 18 U.S.C. § 2256(8), or sexually explicit

3  conduct depicting minors, as defined at 18 U.S.C. § 2256(2).  The

4  defendant shall not possess or view any materials such as videos,

5  magazines, photographs, computer images or other matter that depicts

6  "actual sexually explicit conduct" involving adults as defined by 18

7  U.S.C. § 2257(h)(1).  This condition does not prohibit defendant from

8  possessing materials solely because they are necessary to, and used

9  for, a collateral attack, nor does it prohibit defendant from

10  possessing materials prepared and used for the purposes of

11  defendant's Court-mandated sex offender treatment, when defendant's

12  treatment provider or the probation officer has approved of

13  defendant's possession of the materials in advance.

14       v.   Defendant shall not associate or have verbal,

15  written, telephonic, or electronic communication with any person

16  under the age of 18, except: (a) in the presence of the parent or

17  legal guardian of said minor; and (b) on the condition that defendant

18  notifies said parent or legal guardian of defendant's conviction in

19  the instant offense/prior offense.  This provision does not encompass

20  persons under the age of 18, such as waiters, cashiers, ticket

21  vendors, etc., with whom defendant must interact in order to obtain

22  ordinary and usual commercial services.

23       vi.  Defendant shall not frequent, or loiter, within

24  100 feet of school yards, parks, public swimming pools, playgrounds,

25  youth centers, video arcade facilities, or other places primarily

26  used by persons under the age of 18.

27       vii. Defendant shall not affiliate with, own, control,

28  volunteer or be employed in any capacity by a business or

1   organization that causes defendant to regularly contact persons under
2   the age of 18.
3                    viii.    Defendant shall not affiliate with, own,
4   control, or be employed in any capacity by a business whose principal
5   product is the production or selling of materials depicting or
6   describing "sexually explicit conduct," as defined at 18 U.S.C.
7   § 2256(2).
8                    ix.   Defendant shall not own, use or have access to
9   the services of any commercial mail-receiving agency, nor shall
10  defendant open or maintain a post office box, without the prior
11  written approval of the Probation Officer.
12                   x.   Defendant's employment shall be approved by the
13  Probation Officer, and any change in employment must be pre-approved
14  by the Probation Officer.  Defendant shall submit the name and
15  address of the proposed employer to the Probation Officer at least
16  ten days prior to any scheduled change.
17                   xi.   Defendant shall not reside within direct view of
18  school yards, parks, public swimming pools, playgrounds, youth
19  centers, video arcade facilities, or other places primarily used by
20  persons under the age of 18.  Defendant's residence shall be approved
21  by the Probation Officer, and any change in residence must be pre-
22  approved by the Probation Officer.  Defendant shall submit the
23  address of the proposed residence to the Probation Officer at least
24  ten days prior to any scheduled move.
25                   xii. Defendant shall submit defendant's person, and
26  any property, house, residence, vehicle, papers, computer, other
27  electronic communication or data storage devices or media, and
28  effects to search at any time, with or without warrant, by any law

1  enforcement or Probation Officer with reasonable suspicion concerning
2  a violation of a condition of probation/supervised release or
3  unlawful conduct by defendant, and by any Probation Officer in the
4  lawful discharge of the officer's supervision function.

5                xiii.     Defendant shall possess and use only those
6  computers and computer-related devices, screen user names, passwords,
7  email accounts, and internet service providers ("ISPs") that have
8  been disclosed to the Probation Officer upon commencement of
9  supervision.  Any changes or additions are to be disclosed to the
10  Probation Officer prior to defendant's first use.  Computers and
11  computer-related devices include personal computers, personal data
12  assistants ("PDAs"), internet appliances, electronic games, cellular
13  telephones, and digital storage media, as well as their peripheral
14  equipment, that can access, or can be modified to access, the
15  internet, electronic bulletin boards, and other computers.

16                xiv. All computers, computer-related devices, and
17  their peripheral equipment, used by defendant shall be subject to
18  search and seizure.  This shall not apply to items used at the
19  employment's site that are maintained and monitored by the employer.

20                xv.  Defendant shall comply with the rules and
21  regulations of the Computer Monitoring Program.  Subject to
22  defendant's ability to pay as determined by the Probation Officer,
23  defendant shall pay the cost of the Computer Monitoring Program, in
24  an amount not to exceed $32 per month per device connected to the
25  internet.

26     3.  Defendant further agrees that any and all criminal debt
27  ordered by the Court will be due in full and immediately.  The
28  government is not precluded from pursuing, in excess of any payment

1  schedule set by the Court, any and all available remedies by which to

2  satisfy defendant's payment of the full financial obligation,

3  including referral to the Treasury Offset Program.  Defendant thus

4  agrees to:

5          a.   Complete the Financial Disclosure Statement on a form

6  provided by the USAO and, within 30 days of defendant's entry of a

7  guilty plea, deliver the signed and dated statement, along with all

8  of the documents requested therein, to the USAO by either email at

9  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial

10 Litigation Section at 300 North Los Angeles Street, Suite 7516, Los

11 Angeles, CA 90012.  Defendant agrees that defendant's ability to pay

12 criminal debt shall be assessed based on the completed Financial

13 Disclosure Statement and all required supporting documents, as well

14 as other relevant information relating to ability to pay.

15         b.   Authorize the USAO to obtain a credit report upon

16 returning a signed copy of this plea agreement.

17         c.   Consent to the USAO inspecting and copying all of

18 defendant's financial documents and financial information held by the

19 United States Probation and Pretrial Services Office.

THE USAO'S OBLIGATIONS

21    4.   The USAO agrees to:

22         a.   Not contest facts agreed to in this agreement.

23         b.   Abide by all agreements regarding sentencing contained

24 in this agreement.

25         c.   At the time of sentencing, provided that defendant

26 demonstrates an acceptance of responsibility for the offense up to

27 and including the time of sentencing, recommend a two-level reduction

28 in the applicable Sentencing Guidelines offense level, pursuant to

1  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

2  additional one-level reduction if available under that section.

3       d.   Recommend that defendant be sentenced to a term of

4  imprisonment no higher than 60 months.

5                    NATURE OF THE OFFENSE

6       5.   Defendant understands that for defendant to be guilty of

7  the crime charged in the indictment, that is, possession of child

8  pornography, in violation of Title 18, United States Code, Sections

9  2252A(a)(5)(B) and (b)(2), the following must be true: (i) defendant

10 knowingly possessed matters that defendant knew contained visual

11 depictions of a minor engaged in sexually explicit conduct; (ii)

12 defendant knew the visual depiction contained in the matters showed a

13 minor engaged in sexually explicit conduct; (iii) defendant knew that

14 production of such a visual depiction involved use of a minor in

15 sexually explicit conduct; and (iv) each visual depiction had been

16 (a) mailed, shipped, or transported using any means or facility of

17 interstate commerce or in or affecting interstate commerce, or (b)

18 produced using any means or facility of interstate or foreign

19 commerce or shipped or transported in or affecting interstate or

20 foreign commerce by any means, including by computer.

21      6.   Defendant understands that for defendant to be subject to

22 the statutory maximum sentence set forth below, the government must

23 prove beyond a reasonable doubt that at least one visual depiction

24 possessed by defendant involved a prepubescent minor, or a minor who

25 had not attained 12 years of age, engaged in sexually explicit

26 conduct.  Defendant admits that defendant, in fact, possessed images

27 and videos that depicted prepubescent minors, or minors who had not

28 attained 12 years of age, engaged in sexually explicit conduct.

## PENALTIES AND RESTITUTION

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.    Defendant understands that the statutory mandatory minimum sentence that the Court must impose for a violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2) is: a five-year period of supervised release and a mandatory special assessment of $100.

9.    Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

10.   Defendant understands that, pursuant to 18 U.S.C. § 2259A, the Court may impose an additional special assessment of up to $17,000.

11.   Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offense to which defendant is pleading guilty.  Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of the offense to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a

result: any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

12.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

13.   Defendant understands that as a condition of supervised release, under Title 18, United States Code, Section 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life. Defendant further understands that, under Title 18, United States Code, Section 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

14.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury.

1    Defendant understands that he is pleading guilty to a felony and that

2    it is a federal crime for a convicted felon to possess a firearm or

3    ammunition.  Defendant understands that the conviction in this case

4    may also subject defendant to various other collateral consequences,

5    including but not limited to revocation of probation, parole, or

6    supervised release in another case and suspension or revocation of a

7    professional license.  Defendant understands that unanticipated

8    collateral consequences will not serve as grounds to withdraw

9    defendant's guilty plea.

10        15.  Defendant and his counsel have discussed the fact that, and

11   defendant understands that, if defendant is not a United States

12   citizen, the conviction in this case makes it practically inevitable

13   and a virtual certainty that defendant will be removed or deported

14   from the United States.  Defendant may also be denied United States

15   citizenship and admission to the United States in the future.

16   Defendant understands that while there may be arguments that

17   defendant can raise in immigration proceedings to avoid or delay

18   removal, removal is presumptively mandatory and a virtual certainty

19   in this case.  Defendant further understands that removal and

20   immigration consequences are the subject of a separate proceeding and

21   that no one, including his attorney or the Court, can predict to an

22   absolute certainty the effect of his conviction on his immigration

23   status.  Defendant nevertheless affirms that he wants to plead guilty

24   regardless of any immigration consequences that his plea may entail,

25   even if the consequence is automatic removal from the United States.

26                              FACTUAL BASIS

27        16.  Defendant admits that defendant is, in fact, guilty of the

28   offense to which defendant is agreeing to plead guilty.  Defendant

                                   11

1   and the USAO agree to the statement of facts provided below and agree

2   that this statement of facts is sufficient to support a plea of

3   guilty to the charge described in this agreement but is not meant to

4   be a complete recitation of all facts relevant to the underlying

5   criminal conduct or all facts known to either party that relate to

6   that conduct.

7       On October 28, 2022, law enforcement officers served a federal

8   search warrant on Apple Inc. for the contents of defendant's Apple

9   iCloud account, associated with the Apple ID vpteacher14@hotmail.com.

10  From its inception through the present, that Apple iCloud account has

11  belonged to defendant has not been used by any other person.

12      A forensic review of defendant's iCloud account identified at

13  least 81 videos and 158 images of child pornography, including three

14  videos titled "F_75D64DD7-813D-4EC9-BD5B-

15  C49E06F517AB_VYefkhKRwz__Aor7Z7nAKYCRzADQ=_1029420_AN1g,"

16  "F_75D64DD7-813D-4EC9-BD5B-

17  C49E06F517AB_BDMXDGbuB0KVteYiA__fYMOF5lMw=_2089519_NjeR," and

18  "F_636E4EC8-F2D9-487B-9F63-

19  61B0FACAC808_kCAOtrKA+C8ExcnEclScyHQbPbg=_16836_apyN."

20      Several of the videos and images of child pornography in

21  defendant's iCloud account depicted infants or toddlers, and/or

22  violent, sadistic, or masochistic conduct.

23      Defendant admits and agrees that he knew the images and videos

24  that he possessed contained visual depictions of minors engaging in

25  sexually explicit conduct, that he knew each visual depiction

26  contained in the images and videos showed minors engaged in sexually

27  explicit conduct, and that he knew that production of such visual

28  depictions involved use of minors engaged in sexually explicit

conduct.   Defendant admits and agrees that he knew at least three of the videos that he possessed depicted a prepubescent minor and minor who had not attained 12 years of age engaging in sexual conduct and that at least one video that he possessed portrayed sadistic or masochistic sexual conduct, particularly bondage, involving a minor child.

Defendant admits and agrees that the children depicted in the child pornography images and videos are real children, and defendant downloaded the images and videos from the Internet, which is a means and facility of interstate and foreign commerce, using a phone.

## SENTENCING FACTORS

17.   Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a).   Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crime of conviction.

18.   Except as set forth in paragraphs 4(c) and 4(d) above, defendant and the USAO have no agreement as to the appropriate sentence or the applicable Sentencing Guidelines factors.   Except as set forth in paragraphs 4(c) and 4(d), both parties reserve the right to argue for any criminal history score and category, base offense

level, specific offense characteristics, adjustments, departures, and variances.  Defendant reserves the right to seek any sentence within the statutory maximum.

19.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

20.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.  The right to persist in a plea of not guilty.

b.  The right to a speedy and public trial by jury.

c.  The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.  The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.  The right to confront and cross-examine witnesses against defendant.

f.  The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.  The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h. Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

### WAIVER OF RETURN OF DIGITAL DATA

21. Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

### WAIVER OF APPEAL OF CONVICTION

22. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

### LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

23. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 97 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the

1  statutory maximum; (d) to the extent permitted by law, the

2  constitutionality or legality of defendant's sentence, provided it is

3  within the statutory maximum; (e) the term of probation or supervised

4  release imposed by the Court, provided it is within the statutory

5  maximum; and (f) any of the following conditions of probation or

6  supervised release imposed by the Court: the conditions set forth in

7  Second Amended General Order 20-04 of this Court; the drug testing

8  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the

9  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);

10 and any conditions of probation or supervised release agreed to by

11 defendant in paragraph 2 above.

12    24.   The USAO agrees that, provided (a) all portions of the

13 sentence are at or below the statutory maximum specified above and

14 (b) the Court imposes a term of imprisonment of no less than 42

15 months, the USAO gives up its right to appeal any portion of the

16 sentence.

17              RESULT OF WITHDRAWAL OF GUILTY PLEA

18    25.   Defendant agrees that if, after entering a guilty plea

19 pursuant to this agreement, defendant seeks to withdraw and succeeds

20 in withdrawing defendant's guilty plea on any basis other than a

21 claim and finding that entry into this plea agreement was

22 involuntary, then the USAO will be relieved of all of its obligations

23 under this agreement.

24              EFFECTIVE DATE OF AGREEMENT

25    26.   This agreement is effective upon signature and execution of

26 all required certifications by defendant, defendant's counsel, and an

27 Assistant United States Attorney.

28

## BREACH OF AGREEMENT

27.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES
## OFFICE NOT PARTIES

28.   Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

29.   Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the

Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

30.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

31.  Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

## PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

32.  The parties agree that this agreement will be considered

//

part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____     2/23/2023
MELISSA S. RABBANI                    _____
Assistant United States Attorney       Date

_____      2/21/23
RICHARD O'CONNOR                      _____
Defendant                              Date

_____      2/21/23
JOSEF SADAT                           _____
Attorney for Defendant                 Date

### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the

representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charge and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____                    2/21/23
RICHARD O'CONNOR                                    Date
Defendant


### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am Richard O'Connor's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of a guilty plea pursuant to this agreement.

_____                    2/21/25
JOSEF SADAT                                         Date
Attorney for Defendant RICHARD
O'CONNOR

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE CENTRAL DISTRICT OF CALIFORNIA

10                        SOUTHERN DIVISION

11  UNITED STATES OF AMERICA,          No.

12          Plaintiff,                 I N F O R M A T I O N

13          v.                         [18 U.S.C. §§ 2252A(a)(5)(B),
                                       (b)(2): Possession of Child
14  RICHARD O'CONNOR,                  Pornography]

15          Defendant.

16

17      The United States Attorney charges:

18          [18 U.S.C. §§ 2252A(a)(5)(B), (b)(2)]

19      On or about October 28, 2022, in Orange County, within the

20  Central District of California, defendant RICHARD O'CONNOR knowingly

21  possessed an Apple iCloud account, associated with the Apple ID

22  vpteacher14@hotmail.com and Person ID 93062275, that contained at

23  least three videos of child pornography, as defined in Title 18,

24  United States Code, Section 2256(8)(A), all three of which videos

25  involved prepubescent minors and minors who had not attained 12 years

26  of age, that had been transported using any means and facility of

27  interstate and foreign commerce and in and affecting interstate and

28  foreign commerce by any means, including by computer, knowing that

1  the videos were child pornography.

2        The child pornography that defendant O'CONNOR knowingly

3  possessed consisted of the following:

4        1.   A video titled "F_75D64DD7-813D-4EC9-BD5B-

5             C49E06F517AB_VYefkhKRwz__Aor7Z7nAKYCRzADQ=_1029420_AN1g";

6        2.   A video titled "F_75D64DD7-813D-4EC9-BD5B-

7             C49E06F517AB_BDMXDGbuB0KVteYiA__fYMOF5lMw=_2089519_NjeR";

8             and

9        3.   A video titled "F_636E4EC8-F2D9-487B-9F63-

10            61B0FACAC808_kCAOtrKA+C8ExcnEclScyHQbPbg=_16836_apyN."

11

12

13                              E. MARTIN ESTRADA
                                United States Attorney
14
                                *Scott M. Garringer*
15                              *Deputy Chief, Criminal Division For:*

16                              MACK E. JENKINS
                                Assistant United States Attorney
17                              Chief, Criminal Division

18                              BENJAMIN R. BARRON
                                Assistant United States Attorney
19                              Chief, Santa Ana Branch Office

20                              GREGORY S. SCALLY
                                Assistant United States Attorney
21                              Deputy Chief, Santa Ana Branch
                                Office
22
                                MELISSA S. RABBANI
23                              Assistant United States Attorney
                                Santa Ana Branch Office
24

25

26

27

28

                                2