E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
MELISSA S. RABBANI (Cal. Bar No. 283993)
Assistant United States Attorney
     U.S. ATTORNEY'S OFFICE
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3500
     Facsimile: (714) 338-3561
     E-mail:    melissa.rabbani@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. SA CR 23-27-DOC |
| Plaintiff, | GOVERNMENT'S SENTENCING POSITION |
| v. | Hearing Date: December 18, 2023 |
| RICHARD O'CONNOR, | 7:30 a.m. |
| Defendant. | |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Melissa Rabbani, hereby submits its position regarding sentencing.

The government's position is based upon the attached memorandum of points and authorities, the files and records in this case, the Presentence Report ("PSR") and disclosed recommendation letter filed on November 13, 2023, and any other evidence or argument that the

Court may wish to consider at the time of sentencing.

Dated: December 11, 2023        Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division


    /s/ Melissa S. Rabbani
MELISSA S. RABBANI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

After executing a search warrant, investigators found that an iCloud account belonging to defendant Richard O'Connor ("defendant") had dozens of images and videos of child pornography, including images and videos showing young, pre-pubescent children – and even infants - forced to engage in sex acts with adults.  Defendant waived his right to indictment by a grand jury and agreed to plead guilty to one count of possession of child pornography; in exchange for defendant's quick plea, the government agreed to recommend a sentence of no more than 60 months' custody.

The United States Probation Office ("USPO") filed a Presentence Report ("PSR") on November 13, 2023.  Dkt. 24.  The USPO determined that the total applicable offense level in this case is 30 and that defendant's criminal history is in category I, resulting in a guidelines range of 97 to 121 months.  Id. at 3.  The USPO recommends that the Court apply a variance and sentence defendant to 60 months' custody, followed by a lifetime period of supervised release, and order a special assessment of $100, as well as a fine of $35,000 and a separate special assessment of $5,000.  Dkt. 23.

The government agrees with the USPO's calculations, except that the government does not agree that a two-level enhancement for vulnerable victims should apply.  Thus, the government believes that the total applicable offense level in this case is 28, rather than 30, and that the applicable guidelines range is 78-97 months, rather than 97-121 months.  However, the government agrees with the USPO's recommended sentence.

The government recommends that the Court sentence defendant to 60 months' custody, followed by a lifetime period of supervised release; order assessments of $100, $5,000, and $10,000, as set forth below; and impose a fine of $35,000.  The government believes this sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

Finally, the government has filed written victim impact statements from 16 individuals, Dkt. 25, as well as a stipulation asking that the Court find all 16 of these individuals are victims in this case, as defined in Title 18, United States Code, Section 2259(c), and order that defendant pay restitution to each victim in the amounts set forth in the stipulation, Dkt. 26.  The government understands that defendant is prepared to pay restitution immediately.

## II.   SUMMARY OF RELEVANT FACTS

In 2022, investigators at Homeland Security Investigations ("HSI") discovered that defendant's phone number was a member of three separate online chat groups used to circulate images and videos of child pornography.  See Dkt. 24 at 5.  One group was titled "Pakistani boy video send," with an administrator using the name "CP BOYS."  See id.

Based on those facts, HSI obtained a federal search warrant for defendant's home, and, later, a separate federal search warrant for the contents of defendant's iCloud account.

In an initial review of defendant's iCloud account, HSI found 81 videos and 157 images of child pornography, including the three videos listed in the information.  See Dkt. 6 (plea agreement) at 12;

Dkt. 1.[1]  Several of those images depicted an infant or toddler and were violent, sadistic, or masochistic in nature.  See Dkt. 6 at 12.

Defendant waived his right to indictment by a grand jury and signed a plea agreement in February 2023, agreeing to plead guilty to one count of possession of child pornography.  See Dkt. 6.  Defendant entered his guilty plea on May 15, 2023.  Dkt. 22.

In his plea agreement, defendant admits, among other things, that he knew "the images and videos that he possessed contained visual depictions of minors engaging in sexually explicit conduct," that he knew "at least three of the videos that he possessed" depicted a prepubescent minor, and that "at least one video that he possessed" portrayed sadistic or masochistic sexual conduct involving a child.  Dkt. 6 at 12-13.

**III. PRESENTENCE REPORT**

The USPO determined the base offense level to be 18.  Dkt. 24 at 11.  The USPO then applied a two-level increase because the offense conduct included child pornography depicting prepubescent minors, a four-level increase because the offense conduct included child pornography depicting sadistic and/or masochistic conduct, a two-level increase because the offense conduct involved use of a computer, a five-level increase based on the number of images involved, a two-level upward adjustment based on vulnerable victims, and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 30.  Id. at 11-12.

---

[1] The PSR cites slightly higher numbers, reached after further investigation of defendant's iCloud account.  The government uses the 81 videos/157 images figures here because defendant agreed to those numbers in the plea agreement.

The USPO also determined that defendant's total criminal history score for this offense is zero, resulting in a criminal history category of I and a guidelines range of 97 to 121 months.  Dkt. 24 at 13-14, 26.

The USPO recommends that the Court apply what amounts to roughly a four-to-five-level variance and sentence defendant to 60 months' custody, followed by a lifetime period of supervised release.  Dkt. 23.

**IV.   THE GOVERNMENT'S POSITION**

While the government believes that the applicable Guidelines range is slightly lower than the range calculated by the USPO, the government concurs with the USPO's recommended sentence of 60 months followed by a lifetime period of supervised release.  The government believes this sentence is sufficient, but not greater than necessary, to achieve the goals of sentencing set forth in 18 U.S.C. § 3553(a).

   **A.   GUIDELINES CALCULATION**

The government agrees with the USPO's calculations, except that the government does not believe a two-level upward adjustment for vulnerable victims is appropriate here.

The commentary to Guideline 3A1.1 instructs plainly: "Do not apply [the vulnerable victim adjustment] if the factor that makes the person a vulnerable victim is incorporated in the offense guideline." U.S.S.G. § 3A1.1, Application Note 2.  The commentary notes, by way of example, that "if the offense guideline provides an enhancement for the age of the victim, this subsection would not be applied unless the victim was unusually vulnerable for reasons unrelated to age."  Id.

Here, defendant is already subject to two-age related enhancements in the offense guideline: a two-level enhancement for victims including prepubescent minors, and a four-level enhancement for either possessing pornography depicting sadomasochistic conduct <u>or</u> sexual abuse of an infant or toddler.[2]  Thus, while the USPO cites authority that appears to suggest a vulnerable victim <u>may</u> be applied in child pornography cases, the government does not believe that an additional two-level adjustment is appropriate or necessary in this case.

Thus, the government believes that the total offense level in this case is 28, rather than 30, and that the Guidelines range is thus 78-97 months.  For the reasons set forth below, the government respectfully recommends that the Court apply a variance of roughly two to three levels and sentence defendant to 60 months' custody.

**B.    NATURE, CIRCUMSTANCES, AND SERIOUSNESS OF THE OFFENSE**

The government submits that the nature, circumstances, and seriousness of defendant's offense warrant a substantial custodial sentence.

Trafficking in child pornography is a serious crime that revictimizes children who have already suffered devastating abuse. The U.S. Sentencing Commission's <u>Report to the Congress: Federal Child Pornography Offenses</u> explains that "[a]ll child pornography offenses, including the . . . possession of child pornography, are extremely serious because they both result in perpetual harm to victims and validate and normalize the sexual exploitation of

---

[2] Defendant possessed images depicting sadistic/masochistic conduct <u>and</u> images depicting the sexual abuse of an infant or toddler.

5

children."[3] It "is intrinsically related to the sexual abuse of children" both because "the distribution network for child pornography must be closed if the production of material which requires the sexual exploitation of children is to be effectively controlled," and because it constitutes a "permanent record of the children's participation and the harm to the child is exacerbated by their circulation." New York v. Ferber, 458 U.S. 747, 759 (1982). Crimes like defendant's guarantee that the underlying abuse is "in effect repeated" since the victim knows "her humiliation and hurt were and would be renewed into the future as an ever-increasing number of wrongdoers witnessed the crimes committed against her." Paroline v. United States, 572 U.S. 434, 441 (2014).

Indeed, the written victim impact statements in this case make all too clear the harm done to victims of child sexual abuse when images and videos of their abuse continue to be circulated for years on end. For example, in her written statement, "April" explains that as of November 2020, she had received 22,000 notifications that images of her abuse had been viewed. April writes:

> Now, I have to suffer twice; the first time was being abused and the second time is the ongoing anxiety due to the images of my abuse forever accessible. It's impossible to cope with and accept that I have to live with the images of my abuse being available on the internet indefinitely. These images will live on the internet longer than I will live.

Dkt. 25 at 16. Similarly, "Andy" writes that "[t]he aspect of [his] victimization that is hardest to deal with is the child pornography," and that he thinks about the child pornography "every day." Id. at

---

[3] Executive Summary, page vi, available at https://www.ussc.gov/research/congressional-reports/2012-report-congress-federal-child-pornography-offenses.

6

20. "Lily" writes that she suffers "unending grief" and that she feels "a part of [herself] is always caught up in this terrible circulating and painful loop." Id. at 38.

By downloading, viewing, and enjoying images and videos of some of the worst moments of these and other victims' lives, defendant and others only perpetuate their trauma.

The seriousness of defendant's offense, and the impact defendant's conduct has had on an unknowable number of victims, warrant a significant custodial sentence.

### C.   DEFENDANT'S HISTORY AND CHARACTERISTICS

Aside from his admitted history of viewing child pornography, defendant appears to have led a law-abiding life and has maintained close relationships with his family members and students.  Defendant also appears to have maintained a long commitment to teaching and community service, and he seems to have had no issues with compliance while on pretrial supervision.  Moreover, to defendant's credit, he accepted responsibility for his actions in this case quickly and agreed to enter into a pre-indictment resolution.

Based on those characteristics, the government believes that a sentence slightly below the Guidelines range of 78 to 97 months is appropriate in this case.

### D.   VICTIMS AND RESTITUTION

The government has received requests for restitution from 16 individuals, all of whom were depicted in images and videos of child pornography possessed by defendant:

| Victim | Video Series |
|---|---|
| "Dipper" | Jester |

7

| | |
|---|---|
| "Jack" | Rap72 |
| "Jessy" | Surfer Hair |
| "Chelsea" | 2crazygurls |
| "April" | Aprilblonde |
| "Jenny" | Jenny |
| "Andy" | SpongeB |
| "Maria" | Best Necklace |
| "Violet" | At School |
| "Sarah" | Marineland1 |
| "Cara" | MotorCouch1 |
| "Lily" | Vicky |
| "John Doe 2" | 8 Kids |
| "John Doe 3" | 8 Kids |
| "John Doe 4" | 8 Kids |
| "John Doe 5" | 8 Kids |

The government filed written impact statements from each of these victims on December 11, 2023. Dkt. 25.

As set forth in the stipulation also filed on December 11, 2023, the parties respectfully request that the Judgment and Commitment Order designate all 16 individuals as victims in this case and order that defendant pay restitution in the amount of $5,000 to victim "Andy" and $3,000 to each of the remaining victims. See Dkt. 26.

### E. SUPERVISED RELEASE

The government recommends that the Court impose a lifetime period of supervised release, with the conditions set forth in paragraph 2(h) of the plea agreement. See Dkt. 6 at 2-6. Congress explained when amending 18 U.S.C. § 3583 that "[s]tudies have shown

8

that sex offenders are four times more likely than other violent criminals to recommit their crimes. Moreover, the recidivism rates do not appreciably decline as offenders age . . . . While any criminal's subsequent re-offending is of public concern, preventing sexual offenders from re-offending is particularly important, given the irrefutable and irreparable harm that these offenses cause victims and the fear they generate in the community." H.R. Rep. 107-527. Here, despite his relative lack of prior criminal history, there is a significant risk that defendant will reoffend once released from custody.

**F.  ADDITIONAL FINANCIAL OBLIGATIONS**

    1.  <u>JVTA $5,000 ASSESSMENT</u>

Under the Justice for Victims of Trafficking Act of 2015 (the "JVTA"), the Court "shall" impose a $5,000 assessment on any non-indigent person convicted of an offense in Chapter 110, like defendant's crime. 18 U.S.C. § 3014(a)(3). Here, the government agrees with the USPO that defendant is not indigent, and the $5,000 special assessment shall be imposed. <u>See</u> Dkt. 24 at 25.

    2.  <u>AVAA ASSESSMENT</u>

Under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 (the "AVAA"), "[i]n addition to any other criminal penalty, restitution, or special assessment authorized by the law, the court <u>shall assess</u> . . . not more than $17,000 on any person convicted of an offense" for possession of child pornography. 18 U.S.C. § 2259A(a)(1) (emphasis added). "In determining the amount of the assessment . . . , the court shall consider the factors set forth in sections 3553(a) and 3572." <u>Id.</u> Given the factors set forth above, as well as defendant's financial situation, the

9

government respectfully recommends that the Court impose an assessment of $10,000 under the AVAA.

### 3. FINE

The government concurs with the USPO's recommendation that a low-end fine of $35,000 be imposed, with interest waived. See Dkt. 24 at 25-26; Dkt. 23 at 1.

## V. CONCLUSION

As set forth above, the government respectfully recommends that the Court impose: (i) a sentence of 60 months' custody, to be followed by a lifetime period of supervised release; (ii) a mandatory special assessment of $100; (iii) an additional assessment of $5,000 pursuant to the JVTA; (iv) an additional assessment of $10,000 under the AVAA; and (v) a fine of $35,000. The government submits that this sentence is sufficient, but not greater than necessary, to punish defendant, promote respect for the law, deter defendant from committing similar crimes in the future, and avoid sentencing disparities. See generally 18 U.S.C. § 3553(a).

Finally, as set forth in the stipulation filed on December 11, the government requests that the Court find that the 16 individuals listed above are victims in this case and that the Court order restitution as agreed to by the parties.