E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office
MELISSA S. RABBANI (Cal. Bar No. 283993)
Assistant United States Attorney
     U.S. ATTORNEY'S OFFICE
     411 West Fourth Street, Suite 8000
     Santa Ana, California 92701
     Telephone: (714) 338-3500
     Facsimile: (714) 338-3561
     E-mail:    melissa.rabbani@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>       v.<br><br>RICHARD O'CONNOR,<br><br>            Defendant. | No. SA CR 23-27-DOC<br><br>GOVERNMENT'S RESPONSE TO DEFENDANT'S SUPPLEMENTAL BRIEF RE: SENTENCING<br><br>Hearing Date: February 5, 2024<br>              2:00 p.m. |

     Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney Melissa Rabbani, hereby submits its response to defendant's supplemental brief regarding sentencing, filed by defendant Richard O'Connor on January 13, 2024.

     Based on defendant's representations and the specific and unique

circumstances of this particular case, the government is agreeable to applying a three-level adjustment under U.S.S.G. § 2G2.2(b)(7)(B), rather than a five-level adjustment under U.S.S.G. § 2G2.2(b)(7)(D), for the number of images and videos at issue in this case.

The parties agree that defendant is in criminal history category one.  In its original sentencing position filed on December 11, 2023, the government argued that the total offense level in this case is 28, resulting in a Guidelines range of 78 to 97 months.  With a three-level adjustment under U.S.S.G. § 2G2.2(b)(7)(B) applied, rather than a five-level adjustment under U.S.S.G. § 2G2.2(b)(7)(B), the government believes the total offense level in this case is now 26, resulting in a Guidelines range of 63 to 78 months.

However, the government's ultimate recommendation remains unchanged.  Whether or not defendant knowingly clicked on or viewed each and every video and image found in his iCloud account, the fact remains that, by defendant's own admission, he joined at least three chat groups, with "hundreds of participants," that exchanged images and videos of child pornography.  Dkt. 38 at 5.  Defendant admits to having viewed at least three such videos, though there is no question that many more images and videos were circulated.  See id.  Based on the nature, circumstances, and seriousness of this offense, and defendant's own history and characteristics, the government respectfully recommends that the Court apply what now amounts to a smaller variance and sentence defendant to 60 months' custody, followed by a lifetime period of supervised release.  The government additionally recommends that the Court impose a mandatory special assessment of $100, an additional assessment of $5,000 under the JVTA, an additional assessment of $10,000 under the AVAA, and a fine

of $35,000, as set forth in the government's initial sentencing position.

Dated: January 18, 2024  Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

*/s/ Melissa S. Rabbani*
MELISSA S. RABBANI
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA